UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jose Tineo,

           Plaintiff,

v.

Federal Bureau of Prisons, and
Mayo Hospital of Rochester, MN,

           Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 05-724 ADM/SRN

_____

Jose Rafael Tineo, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to the Objections of Petitioner Jose Tineo ("Plaintiff") [Docket No. 6] to the June 23, 2005 Report and Recommendation ("R&R") of Magistrate Judge Susan Richard Nelson [Docket No. 5]. The R&R recommends this Court dismiss Plaintiff's Complaint [Docket No. 1] and deny his Motion for Leave to Proceed in forma pauperis [Docket No. 2].

Plaintiff is an inmate at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). Plaintiff has not named as defendants any particular individuals at FMC-Rochester or the Mayo Hospital of Rochester, MN ("Mayo"), where he received medical treatment. He is seeking to sue the Federal Bureau of Prisons ("BOP") and Mayo for compensation in the amount of $3,000,000. Although it is difficult to discern the specific cause of action from Plaintiff's Complaint, he seems to assert a common law negligence claim for medical malpractice and a violation of his constitutional rights under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The R&R found Plaintiff had failed to allege the

elements necessary to state a claim under either cause of action. The factual and procedural background in this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objections. For the reasons set forth below, the Objections are denied and the R&R is adopted.

## II. DISCUSSION

The district court must undertake an independent, de novo, review of those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

Under 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act ("PLRA"), courts are required to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity, or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). To the extent that a pleading, on its face, fails to state a claim upon which relief may be granted, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

Plaintiff objects to the R&R on several grounds. First, because Plaintiff has not consented to a Magistrate Judge presiding over his case, Plaintiff objects to the R&R issued by the Magistrate Judge. Second, Plaintiff objects to the finding that he has failed to state a claim for medical malpractice. Third, Plaintiff objects to the finding that he cannot sue a government agency in a Bivens action and has failed to state a claim of negligence against Mayo. Fourth, Plaintiff argues he should be granted leave to amend his Complaint. Finally, Plaintiff requests the Court appoint counsel to pursue his claim.

A.  **Magistrate Judge's Authority**

Plaintiff objects to the R&R on the ground that he never gave his consent for a Magistrate Judge to evaluate his Complaint.  Plaintiff argues, under 28 U.S.C. § 636(c)(1), his consent is a condition precedent for the Magistrate Judge's involvement.  Plaintiff mischaracterizes 28 U.S.C. § 636(c)(1), which requires the parties' consent for a Magistrate Judge to conduct proceedings in a non-jury or jury civil matter and order the entry of judgment in a case.  However, 28 U.S.C. § 636(b)(1)(B) permits a judge to designate a magistrate judge:

> to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendation for disposition, by a judge of the court, of any motion excepted in [28 U.S.C. § 636(b)(1)(A)], of applications for post trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

See also Local Rule 72.1.  As a result, Plaintiff's consent was not necessary and the Magistrate Judge had authority to issue the R&R.

B.  **Medical Malpractice Claim**

Based on references in Plaintiff's Complaint to "negligence," as well as the attached copy of an "Administrative Claim for Damages" that refers to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq., the R&R concluded Plaintiff was attempting to bring a common law medical malpractice claim under the FTCA.

As the R&R correctly notes, claims under the FTCA are governed under the substantive law of the state in which the claims arose.  28 U.S.C. § 1346(b).  The alleged events giving rise to Plaintiff's medical malpractice claims occurred in Minnesota, and therefore Minnesota law applies.  Medical malpractice actions brought in Minnesota, including medical malpractice claims brought under the FTCA, are governed by Minn. Stat. § 145.682.  Oslund v. United

States, 701 F. Supp. 710, 713-14 (D. Minn. 1988); Bellecourt v. United States, 784 F. Supp. 623, 635-37 (D. Minn. 1992), aff'd 994 F.2d 427 (8th Cir. 1993).  That statute requires every Plaintiff in a Minnesota medical malpractice case to furnish two affidavits in support of his or her claims.  One of these affidavits, the "expert review affidavit":

> must be submitted with the complaint and state that before commencing the lawsuit, plaintiff's attorney reviewed the facts of the case with a medical expert who believed that at least one defendant named in the suit deviated from the applicable standard of care and thereby injured the plaintiff . . . .[1]

Bellecourt, 784 F. Supp. at 636, citing Minn. Stat. § 145.682, subd. 2, subd. 3, and subd. 4.  The statute requires "mandatory dismissal" for complaints that assert a medical malpractice claim without an accompanying expert review affidavit.  Minn. Stat. § 145.682, subd. 6; Stroud v. Hennepin County Med. Ctr., 556 N.W.2d 552, 554 (Minn. 1996); Lindberg v. Health Partners, Inc., 599 N.W.2d 572, 577-78 (Minn. 1999); Bellecourt, 784 F.Supp. at 636.[2]

In the instant case, Plaintiff has not filed an expert review affidavit with his Complaint, as required by § 145.682.  In his Objections, Plaintiff appears to argue this affidavit is not necessary under the relaxed pleading requirements of the Federal Rules of Civil Procedure.  Although the Federal Rules of Civil Procedure only require a "short and plain statement showing that the pleader is entitled to relief," it is axiomatic that a plaintiff must plead all of the elements of a claim in his complaint.  See Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984) ("In practice, a complaint . . . must contain either direct or inferential allegations

---

[1] A pro se plaintiff must file his own affidavit of expert review in lieu of an attorney's affidavit.  Minn. Stat. § 145.682, subd. 5.

[2] A plaintiff can be excused from the statutory affidavit requirements if the defendant's liability can be established without any expert testimony.  Minn. Stat. § 145.682, subd. 2; Bellecourt, 784 F. Supp. at 637.  For example, an affidavit is not required in a clear res ipsa loquitur situation (i.e. the wrong limb amputation, surgical tools left in surgery site).

respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations omitted). Under Minn. Stat. § 145.682, complaints asserting medical malpractice claims in Minnesota must be accompanied by an expert review affidavit. Because Plaintiff has failed to provide such an affidavit, § 145.682 dictates Plaintiff's medical malpractice claim must be dismissed.

**C.     Bivens Claim**

Based on references in Plaintiff's Complaint to "deliberate indifference," the R&R also concluded Plaintiff was attempting to state a Bivens claim against either the BOP or Mayo based on an alleged violation of his Eighth Amendment rights.

The R&R correctly concluded Plaintiff cannot assert a Bivens/Eighth Amendment claim against the BOP. As the Eighth Circuit has noted, "Bivens and its progeny do not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials." Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982); see also Schutterle v. United States, 74 F.3d 846, 848 (8th Cir. 1996) (finding the United States and its agencies "are not proper Bivens defendants because of sovereign immunity"). Consequently, as the R&R notes, "Plaintiff cannot sue the BOP itself under Bivens for allegedly violating his Eighth Amendment rights." R&R at 5. Plaintiff does not identify or assert that any specific BOP officials violated his Eighth Amendment rights.

Plaintiff also fails to allege facts sufficient to maintain a Bivens/Eighth Amendment claim against Mayo. Although Plaintiff's Complaint does not name specific Mayo employees, he apparently attempts to sue Mayo, under the doctrine of respondeat superior, based on the allegedly wrongful acts or omissions by one or more of its agents or employees. The Supreme

Court has held, however, that the doctrine of respondeat superior cannot be the basis for a federal civil rights action. Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385 (1989).

To sue a corporate entity in a civil rights action, a plaintiff must plead facts asserting that the corporate entity's agents or employees violated the plaintiff's constitutional rights as a result of a particular policy or custom of the corporate employer, or as a result of the employer's failure to provide adequate training or supervision. City of Canton, 489 U.S. at 385-87. A private corporation, such as Mayo, may be sued under this theory if deemed to be acting under color of state law. Lux v. Hansen, 886 F.2d 1064, 1067 (8th Cir. 1989). As the R&R correctly notes, Plaintiff has not alleged any facts "suggesting that his federal constitutional rights were violated as a result of some alleged policy, custom or training deficiency by Mayo itself." R&R at 6 (emphasis in original).

**D.     Right to Amend Complaint**

In his Objections, Plaintiff appears to argue, under Rule 15 of the Federal Rules of Civil Procedure, he should be granted leave to amend his Complaint before it is dismissed. Although a court can grant a plaintiff leave to amend a facially defective complaint when justice so requires, both the PLRA and Minnesota law governing medical malpractice require that an action that fails to state a claim on which relief may be granted be summarily dismissed. 28 U.S.C. § 1915A(b)(1); Minn. Stat. § 145.682, subd. 6. As a result, Plaintiff is not entitled to leave to amend the instant Complaint.

**E.     Appointment of Counsel**

Finally, Plaintiff has filed for in forma pauperis status and requests this Court appoint counsel to pursue his claims. See 28 U.S.C. § 1915(e)(1). However, Plaintiff's request to proceed in forma pauperis in federal court must be denied if the action is dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Given that Plaintiff has failed to state any claim on which relief may be granted, Plaintiff is also not entitled to a court appointed attorney. Furthermore, the PLRA only excuses prisoners from pre-paying the applicable filing fee. See 28 U.S.C. § 1915(b); Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998); In re Tyler, 100 F.3d 528, 529-30 (8th Cir. 1997). It does not obviate the responsibility to pay the filing fee but merely permits the prisoner to make payments over time. Ashley, 147 F.3d at 716; In re Tyler, 100 F.3d at 529-30. As a result, Plaintiff is responsible for paying $229.77, the unpaid balance of the Court filing fee.

For the aforementioned reasons, Petitioner's Objections are denied and the R&R is adopted in its entirety.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Nelson's R&R [Docket No. 5] is **ADOPTED** in its entirety;

2. Plaintiff's Application for Proceed Without Payment of Fees [Docket No. 2] is **DENIED**;

3. Plaintiff's Complaint [Docket No. 1] is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

4. Plaintiff's Objections [Docket No. 6] are **DENIED**;

5. Plaintiff is required to pay the unpaid balance of the Court filing fee, $229.77, in accordance with 28 U.S.C. § 1915(b)(2); and

6. For purposes of 28 U.S.C. § 1915(g), this action is dismissed "on grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 22, 2005.